**STANDARD NUT MARGARINE COMPANY OF FLORIDA, Appellant, v. Josiah T. ROSE, Collector of Internal Revenue for the District of Georgia, Appellee.**

No. 6065.

Circuit Court of Appeals, Fifth Circuit.

April 22, 1931.

James C. Davis and George N. Murdock, both of Chicago, Ill., for appellant.

C. P. Goree, Asst. U. S. Atty., of Atlanta, Ga., and Harrison F. McConnell, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (Clint W. Hager, U. S. Atty., and C. P. Goree, Asst. U. S. Atty., both of Atlanta, Ga., and Harrison F. McConnell, Sp. Atty., Bureau of Internal Revenue, and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, both of Washington, D. C., on the brief), for appellee.

Before FOSTER, HUTCHESON, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

This is an appeal from a decree sustaining a motion to dismiss a bill in equity filed by the appellant against the appellee, the collector of internal revenue for the district of Georgia. The appellant is the same corporation which was the plaintiff in the case of Miller, Collector of Internal Revenue, v. Standard Nut Margarine Co. (Circuit Court of Appeals, Fifth Circuit) 49 F.(2d) 79. The two cases are substantially alike, except that in the instant case the appellant, which is not a manufacturer or dealer in Georgia, seeks protection of its interest in an established business by restraining the enforcement against jobbers and retail dealers in Georgia in appellant's product, Southern Nut Product, of penalties imposed, or threatened to be imposed, on such jobbers or retailers for alleged violations of the Oleomargarine Act (26 USCA §§ 543, 544) by selling appel-

lant's product without complying with requirements of that act; while in the cited case appellant sought injunctive relief against the threatened enforcement of a tax attempted to be assessed against itself under that act.

It appears from the opinion rendered by the District Judge that he concluded that appellant, though not directly proceeded against in Georgia, may complain of threatened proceedings against jobbers and retail dealers in that state who handle appellant's product, and that appellant had no adequate legal remedy for the redress of the alleged wrongs complained of; but that he concluded that, though the allegations of appellant's bill showed a state of facts substantially like that disclosed by the allegations and proofs in the cited case, with the exception above mentioned, the statute providing that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court" (26 USCA § 154) has the effect of forbidding the maintenance of this suit. The last-mentioned conclusion is at variance with a conclusion reached by this court in the above-cited case. For reasons stated in the opinion rendered in that case, we conclude that the above-mentioned ruling in the instant case was erroneous. Because of that error the decree appealed from is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed.